**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **J.L., a minor, by FERNANDO LEDUC and DORCA SALAMAN, his parents,** : | |
| **Plaintiffs** : | **CIVIL ACTION NO. 3:15-1750** |
| v. : | **(JUDGE MANNION)** |
| **WYOMING VALLEY WEST SCHOOL DISTRICT and WVW TRANSPORT, INC., a/k/a AVP TRANSPORT, INC.,** : : | |
| **Defendants** : | |

# M E M O R A N D U M

Plaintiffs Fernando Leduc and Dorca Salaman, on behalf of their minor son J.L., filed this action alleging that J.L. was discriminated against and denied his right to a free appropriate public education ("FAPE") by defendant Wyoming Valley West School District ("WVW") due to his disabilities in violation of federal law, including the Individuals with Disabilities Education Act ("IDEA"), §504 of the Rehabilitation Act, and 42 U.S.C. §1983. Plaintiffs also assert a claim for negligence against defendant WVW Transport, Inc. ("WVW Transport"). WVW filed a motion to dismiss, (Doc. 7), for lack of subject matter jurisdiction arguing that plaintiffs failed to exhaust their administrative remedies as required under the IDEA and that plaintiffs failed to state cognizable claims under the IDEA, §504 and §1983. For the following reasons, WVW's motion to dismiss will be **GRANTED** for lack of subject matter jurisdiction since exhaustion under the IDEA's administrative process

is required based on the nature of plaintiffs' claims. The court will decline to exercise supplemental jurisdiction over the plaintiffs' state law claim for negligence against WVW Transport.

## I.  FACTUAL BACKGROUND[1]

Plaintiffs' complaint, (Doc. 1), alleges that J.L. is a ten year old disabled child with special needs who has been diagnosed with active autistic disorder, language delay, autism spectrum disorder, urinary incontinence as well as other mental and physical impairments. He is non-verbal. Based on his disabilities, J.L. is a student who is eligible for special education services as provided by the Individuals with Disabilities Educations Act ("IDEA"). J.L. has resided within WVW since 2012 and he is a student of WVW. WVW was aware of J.L.'s medical and psychological history, as well as his educational needs and requirements, when he transferred to the district and when it developed his Individualized Education Program ("IEP") for the period of May 2013 through May 2014. WVW was advised that J.L. required a properly trained individual to be with him at all times. One of the services listed in the 2013-2014 IEP was "Special Transportation" to transport J.L. to and from school. J.L.'s "Special Transportation" was provided by WVW Transport

---

[1] The facts alleged in plaintiffs' complaint must be accepted as true in considering WVW's motion to dismiss. *See* Dieffenbach v. Dept. of Revenue, 490 Fed.Appx. 433, 435 (3d Cir. 2012); Evancho v. Evans, 423 F.3d 347, 350 (3d Cir. 2005).

pursuant to an agreement between WVW Transport and WVW.

J.L.'s parents were advised by his school, New Story, that the van driver and J.L.'s assistant complained that J.L. was unfastening his seat belt and running around on the van as well as kicking the back of the driver's seat, and acting aggressively. An attempted remedy to the situation was to leave the seat on the van next to J.L. empty. However, the driver again complained about J.L.'s behavior on the van but no action was taken to address his concerns. J.L.'s father then saw the van driver utilize a restraint on J.L. to "lock" him into his seat by a device consisting of "a bulky, box-like attachment that was placed around the buckle of the seat belt in order to secure the buckle via lock and key to prevent the passenger from voluntarily unfastening the seat belt." Due to the restraint, J.L. was "intentionally, painfully, forcefully and involuntarily locked into his seat simply because it was convenient for the [van] driver and the assistant."

WVW failed to notify plaintiffs before the restraint was used on J.L. Nor did WVW conduct a meeting to address the van driver's claims that J.L. was misbehaving on the van and to discuss the use of the restraint.

On May 14, 2014, a meeting was held at New Story to discuss J.L.'s IEP for the next school year. At the meeting, neither New Story staff nor WVW's personnel discussed the van driver's complaints about J.L. or the use of the restraint on him. Plaintiffs were upset that J.L.'s mistreatment was not being addressed and raised concerns at the meeting. Representatives of New

Story and WVW were "astonished" that a restraint was being used on J.L. However, WVW's Director of Special Education, Barry Rodgers addressed the concerns raised at the meeting and stated that "we lock kids who are aggressive." Plaintiffs reminded Rodgers that they were not notified that the restraint would be used on J.L. Rodgers yelled back at plaintiffs by stating that "kids with [J.L.'s] condition get restrained with that kind of restraint!" Rodgers then informed the group that the IEP meeting was over. Plaintiffs failed to get an explanation at the meeting why the restraint was being used on J.L. and why a meeting was not held to address J.L.'s behavior on the van.

On the day after the meeting, J.L's mother saw the van driver again use the restraint on him. Later that day, J.L. was crying and had difficulty walking and his mother saw significant bruising on his thigh which was caused by the restraint used on him in the van. She took J.L. to the hospital for treatment. J.L.'s mother also notified the Director of New Story, J.L.'s teacher and the District Supervisor of Transportation that J.L. was still being involuntarily restrained on the van by the driver without her consent. The Director of New Story advised J.L.'s mother that a new driver and assistant were being assigned to transport J.L. to and from school. After the new van driver and assistant were assigned, no more complaints about J.L.'s behavior on the van were made.

During the 2014-2015 school year, plaintiffs' attempt to get an explanation from WVW regarding why the restraint was used on J.L. was to

no avail. At a May 26, 2015 meeting to discuss transferring J.L to a new school, J.L.'s mother questioned Rodgers about the past use of the restraint on J.L. and he finally admitted that the restraint was used on J.L. a total of three times, May 13 through May 15, 2014.

Plaintiffs allege that as a result of defendants' misconduct, J.L. has suffered a deprivation of his protected educational rights under the IDEA and §504, a deprivation of his substantive due process rights under §1983 "to be free from wrongful confinement, physical abuse/restraint, unjustified intrusions on personal liberty/security and arbitrary governmental action", severe emotional distress and trauma, and educational and emotional set-backs.

## II.     PROCEDURAL BACKGROUND

The plaintiffs brought this suit on September 11, 2015, (Doc. 1), asserting federal claims against WVW under the IDEA, 20 U.S.C. §1400, *et seq.*, and Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. §791, *et seq.*, Count I. In Count II, the plaintiffs raise a substantive due process claim against WVW under the Fourteenth Amendment based on a special custodial relationship it had with J.L. The plaintiffs bring their constitutional claim pursuant to 42 U.S.C. §1983. The plaintiffs also raise a state law claim for negligence against WVW Transport, Count III. As relief against WVW regarding their federal claims, plaintiffs request compensatory damages, interest, costs, attorneys' fees and "such other and further relief to

which this Court deems just and proper."[2]

The plaintiffs allege in their complaint, (Doc. 1, ¶ 64), "[w]ith regard to exhaustion of all applicable administrative procedures with respect to [J.L.'s] placement and educational setting, no exhaustion is required where, as here, a plaintiff seeks monetary damages for backward looking injuries and/or damages sustained as a result of a defendant's violations."

On October 7, 2016, WVW filed a motion to dismiss the plaintiffs' complaint, (Doc. 7), with respect to their federal claims under Fed.R.Civ.P. 12(b)(1) and Fed.R.Civ.P. 12(b)(6). WVW's motion has been briefed and is ripe for disposition, (Doc. 12, Doc. 15, Doc. 17).

On October 30, 2015, WVW Transport filed an answer to the plaintiffs' complaint, (Doc. 13).

The plaintiffs allege that this court has jurisdiction over their federal claims based on 20 U.S.C. §1415(i)(2), 28 U.S.C. §1331 and §1343. The court's pendent jurisdiction over the plaintiffs' state claim is based on to 28 U.S.C. §1367.[3]

---

[2]In their brief in opposition, plaintiffs withdrew any potential claim for non-monetary damages which may be construed by their stated catch-all phrase in their request for relief.

[3]The court notes that its jurisdiction is at issue in this action.

**III.   STANDARDS OF REVIEW**

   **A.   RULE 12(b)(1)**

WVW's motion to dismiss plaintiffs' complaint is for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) and for failure to state a claim under Fed.R.Civ.P. 12(b)(6). "When a party moves to dismiss under more than one Rule 12 ground, the Court must first consider the Rule 12(b)(1) challenge, 'because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot.'" A.D. v. Haddon Heights Bd. of Educ.,90 F.Supp.3d 326,334 (D.N.J. 2015), aff'd, –F.3d–, 2016 WL 4394536 (3d Cir. Aug. 18, 2016), (citation omitted). WVW raises a facial challenge to this court's subject matter jurisdiction since it has not yet filed its answer to the complaint and it does not offer competing facts. As such, the court must accept the complaint's allegations as true. " Haddon Heights Bd. of Educ., 2016 WL 4394536, *3 (citations omitted). "A challenge to a complaint for failure to allege subject matter jurisdiction is known as a 'facial' challenge, and must not be confused with a 'factual' challenge contending that the court in fact lacks subject matter jurisdiction, no matter what the complaint alleges...." James S. ex rel. Thelma S. v. Sch. Dist. of Phila., 559 F.Supp.2d 600, 611 (E.D.Pa. 2008) (citing N.E. Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 n. 7 (3d Cir. 2001)).

"Because federal courts are courts of limited jurisdiction, the party

seeking to invoke the court's jurisdiction bears the burden of proving the existence of subject matter jurisdiction." Haddon Heights Bd. of Educ.,90 F.Supp.3d at 334 (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673 (1994)).

### B.     RULE 12(b)(6)

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips

v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See*, *e.g.*, Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

## IV.   DISCUSSION

WVW moves under Rule 12(b)(1) to dismiss plaintiffs' complaint for failure of plaintiffs to have exhausted their administrative remedies as required by the IDEA. The parties do not dispute that plaintiffs did not exhaust their administrative remedies and, that "[i]n the normal case, exhausting the IDEA's administrative process is required in order for the statute to 'grant subject matter jurisdiction to the district court.'" Haddon Heights Bd. of Educ., 2016 WL 4394536, *4 (citing Batchelor v. Rose Tree Media School Dist., 759 F.3d 266, 272 (3d Cir. 2014) (quoting Komninos v. Upper Saddle River Bd. of

Educ., 13 F.3d 775, 778 (3d Cir 1994)).[4] Plaintiffs contend that exhaustion is not required in this case since they seek monetary damages for the alleged physical injuries caused by WVW's violations of the IDEA, the RA and §1983. Plaintiffs also compare their claims against WVW to a personal injury claim seeking damages.

Plaintiffs' federal claims against WVW pertain, in part, to the alleged deprivation of educational services to J.L. Specifically, plaintiffs allege that the actions of WVW constituted a "deprivation of [J.L.'s] guaranteed right to a free appropriate public education" and caused "a set back and delay in his ability to learn and benefit from the special educational services provided by [WVW]." (Doc. 1, ¶'s 55, 65, 72). In fact, plaintiffs did bring a claim under the IDEA and their claims under the RA and §1983 basically re-allege the same facts as their IDEA claim. As WVW points out, (Doc. 17, at 3), "[p]laintiff[s'] reframing of the IDEA claim as §504 and §1983 claims falls squarely within the IDEA's rule of construction in §1415(l), which prohibits plaintiffs from 'circumventing the IDEA's exhaustion requirement by taking claims that could have been brought under IDEA and repackaging this claim under some other

---

[4] The court notes that the Third Circuit's precedential decision in Haddon Heights Bd. of Educ. was recently filed on August 18, 2016. Thus, it was not addressed in the briefs of the parties. Nonetheless, the court finds that the Haddon Heights Bd. of Educ. case compels the dismissal of the instant case due to plaintiffs' failure to have exhausted administrative remedies under the IDEA.

statute-*e.g*, Section 1983, Section 504 of the Rehabilitation Act, or the ADA.'" (quoting Batchelor v. Rose Tree Media Sch. Dist., 759 F.3d at 272); *see also* Haddon Heights Bd. of Educ., 2016 WL 4394536, \*4 ("Section 1415(l) of the IDEA requires exhaustion of the administrative hearing process not only in actions brought directly under the IDEA, but also 'in non-IDEA actions where the plaintiff seeks relief that can be obtained under the IDEA.'" (citing Batchelor, supra). Section 1415(l) "bars plaintiffs from circumventing [the] IDEA's exhaustion requirement by taking claims that could have been brought under [the] IDEA and repackaging them as claims under some other statute." Haddon Heights Bd. of Educ., 2016 WL 4394536, \*4 (quoting Batchelor, 759 F.3d at 272).

After evaluating the nature of plaintiffs' federal claims against WVW, *i.e*., the IDEA claim and the non-IDEA claims, the court finds that they all relate to "the provision of a free appropriate public education to [J.L.]." Haddon Heights Bd. of Educ., 2016 WL 4394536, \*4 (citations omitted). As mentioned, plaintiffs state that one of the services listed in the 2013-2014 IEP with WVW was "Special Transportation" to transport J.L. to and from school. FAPE is defined by the IDEA as including "special education and related services." 20 U.S.C. §1401(9). Additionally, plaintiffs allege that as a result of both defendants' misconduct, J.L. suffered a deprivation of his protected educational rights under the IDEA and §504, as well as educational

11

set-backs. It is of no moment that plaintiffs only seek monetary damages in their complaint. *See* Batchelor, 759 F.3d at 276.

The plaintiffs were required to have exhausted the administrative process provided by the IDEA with respect to all of their federal claims since their claims under these statutes are sufficiently based on J.L.'s alleged deprivation of a FAPE and proper educational services falling within the scope of an action contemplated by the IDEA. *See* Haddon Heights Bd. of Educ., 2016 WL 4394536, *1 ("Because [plaintiffs'] alleged injuries are educational in nature and implicate services within the purview of the IDEA, we conclude that [plaintiffs'] claims must be exhausted under the IDEA."); Batchelor v. Rose Tree Media School Dist., supra. In short, all of plaintiffs' federal claims relate to WVW's provision of a FAPE to J.L. and they could have been brought and remedied under the IDEA. (Doc. 1, ¶'s 1, 52, 55, 60) (Alleging that WVW failed to provide J.L. with FAPE in the least restrictive environment and to carry out and implement his IEP, and that WVW allowed an environment where J.L. was subjected to abusive treatment by virtue of the restraint. Also, alleging that WVW failed to provide a safe educational environment for J.L. and failed to implement his educational programs with methods appropriate to address his special educational needs.). As such, plaintiffs' federal claims were required to be administratively exhausted. *See* Haddon Heights Bd. of Educ., 2016 WL 4394536, *5 (The Third Circuit

"continue[s] to focus on whether a plaintiff's alleged injuries could be remedied through the IDEA administrative process because they relate to the 'the identification, evaluation, or educational placement' of a child or to 'the provision of a free appropriate public education to such child,' as defined by the IDEA,....").

The court also finds no merit to plaintiffs' contention that the futility exception to exhaustion is applicable in this case. "The Third Circuit has recognized exceptions to the IDEA's exhaustion requirement." James S. ex rel. Thelma S. v. Sch. Dist. of Phila., 559 F.Supp.2d at 616. "Specifically, the Third Circuit has held that exhaustion may be excused where: (1) it 'would be futile or inadequate'; (2) the 'issue presented is purely a legal question'; (3) 'the administrative agency cannot grant relief (e.g., hearing officer lacks authority to provide a remedy)' or (4) 'exhaustion would work severe or irreparable harm upon a litigant.'" Id. (citing Komninos v. Upper Saddle River Bd. of Educ., 13 F.3d 775, 778 (3d Cir. 1994)).

Plaintiffs' claims are directly raised, in part, under the IDEA. However, as discussed, all of their claims could have been remedied by the IDEA's administrative remedy process. Their claims "arise from educational harm and challenge the provision of a FAPE to [J.L.]." Haddon Heights Bd. of Educ., 2016 WL 4394536, *6. Plaintiffs' allegations as specified above concern issues involving J.L.'s education plan which fall directly under the IDEA, 20

13

U.S.C. §1400, *et seq*. For example, in their claim under §1983, (Doc. 1, at ¶72), plaintiffs allege that WVW's actions caused J.L. "to suffer a regression, aggravation and/or exacerbation of his disabilities, a set back and delay in his ability to learn and benefit from the special educational services provided by [WVW]." Plaintiffs cannot avoid the IDEA's exhaustion requirement by "repackaging" some of their claims under the RA and §1983. *See* Batchelor, 759 F.3d at 272. This is true even though plaintiffs only request money damages in their complaint since "the nature of [plaintiffs'] claims and the governing law determine the relief, regardless of [plaintiffs'] demands." Id. at 276. It is of no moment that plaintiffs are satisfied with the current programming at WVW since J.L. was eligible for IDEA services and plaintiffs allege that WVW's conduct caused "a set back and delay in his ability to learn and benefit from the special educational services provided by [WVW]."

Since all of plaintiffs' federal claims against WVW fall under the IDEA and since plaintiffs have not exhausted the IDEA administrative remedy process, their claims must be dismissed without prejudice. *See* Haddon Heights Bd. of Educ., 2016 WL 4394536, *6.

Finally, the court will decline to exercise supplemental jurisdiction over plaintiffs' state law tort claim against WVW Transport pursuant to 28 U.S.C. §1367(c)(3) since plaintiffs' federal claims will be dismissed for lack of subject matter jurisdiction. District courts may decline to exercise supplemental

14

jurisdiction over a state law claim if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. §1367(c)(3). When deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997) (quoting Carnegie–Mellon Univ. v. Cahill, 484 U.S. 343, 350 (1988)). The Third Circuit has held that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Hedges v. Musco, 204 F.3d 109, 123 (3d Cir.2000) (quoting Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir.1995)).

## V. CONCLUSION

For the foregoing reasons, WVW's motion to dismiss, (Doc. 7), is **GRANTED** since the court lacks subject matter jurisdiction over plaintiffs' federal claims, Counts I & II. Plaintiffs' federal claims against WVW are **DISMISSED WITHOUT PREJUDICE**.

The court declines to exercise supplemental jurisdiction over plaintiffs' state law negligence claim against WVW Transport, Count III. A separate order shall issue.

                                           s/ *Malachy E. Mannion*
                                           **MALACHY E. MANNION**
                                           **United States District Judge**

**Dated: August 29, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1750-01.wpd